**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| KEVIN COLLIER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. _______________ |
| | : | |
| | : | |
| LVNV FUNDING LLC, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

COMES NOW YOUR PLAINTIFF KEVIN COLLIER and files Complaint for Damages against Defendant LVNV Funding LLC named above and shows the following:

## I. Introduction

1. Defendant improperly sought to collect an additional (and unexplained) amount not authorized by contract or agreement from Plaintiff in a garnishment action based on a judgment from June 17, 2016.

2. In doing so, Defendant submitted a false affidavit - an affidavit that is confusing to the least sophisticated consumer.

3. Defendant's actions are abusive debt collection practices prohibited by federal law, specifically the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, which found "abundant evidence of the use of abusive, deceptive, and unfair

debt collection practices" by debt collectors and those practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."

## II. Parties, Jurisdiction, and Venue

4. Plaintiff is a natural person residing in Chatham County, Georgia, and is a consumer as provided for in 15 U.S.C. § 1692a(3).

5. Defendant is a national company with offices and collection centers in various states, and actively collects debts from consumers throughout Georgia, and is a debt collector as defined by 15 U.S.C. § 1692a(6).

6. The Summons and Complaint may be served on Defendant by service on its registered agent, Corporation Service Company, located at 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

7. Defendant was in fact doing business in this state at all times relevant to this action through its collection efforts.

8. Defendant directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Chatham County.

9. This Court has subject matter jurisdiction of claims arising under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*., which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## III. Law Relevant to Plaintiff's Claims

11. The FDCPA was enacted to protect individuals from abusive debt collection practices because Congress found such practices were rampant in the debt collection industry.

12. Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

13. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

14. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

15. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000, attorney's fees as determined by the Court, and costs of the action. 15 U.S.C. § 1692k.

## IV. Factual Allegations

### The Underlying Judgment

16. Defendant obtained a judgment in Chatham County Magistrate Court against the Plaintiff on or about June 17, 2016, in the amount of $1,051.93 "plus all cost of [illegible] with future interest at the legal rate…."

17. The June 17, 2016 judgment was for a consumer debt.

### The Garnishment Action

18. On or about October 28, 2016 Defendant , through its attorneys, Stenger & Stenger PC, filed a sworn Affidavit of Continuing Garnishment and a copy of the judgment in Gwinnett County Magistrate Court (the "Garnishment Action").

19. A true and accurate copy of the Garnishment Action is attached hereto as Exhibit "A" and is incorporated herein by reference.

20. The Garnishment Action seeks to collect the "balance due" of $1,180.73 from the Garnishee, Lowes Home Improvement LLC.

21. According to the sworn affidavit, the $1,180.73 includes $1,150.93 (the principal amount awarded in the judgment), plus "post judgment costs $20.80 post judgment interest less post judgment payments in the amount of $00". When one does the calculations, however, $1,150.73 plus $20.80 equals $1,171.83, not

$1,180.73. Defendant collected an amount not authorized by an agreement or statute in violation of 15 U.S.C. § 1692(f)(1).

22. The affidavit was signed by M. Kyle Floyd, who "on oath" stated that he is the attorney for LVNV Funding LLC and that the balance due is $1,180.73, which falsely represented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(a); which was the use of false, deceptive, and misleading representations or means in connection with the collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10); and which was the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f and 1692f(1).

23. Upon information and belief, the affidavit that the affiant/attorney for Defendant executed was not prepared by the affiant/attorney, was not reviewed by the affiant/attorney prior to his signing, and was in fact robo-signed by the affiant/attorney.

24. The affidavit states that it is executed "upon the affiant's personal knowledge or belief"; however, simple math negates this possibility.

25. At all times relevant to this Complaint Defendant was a debt collector attempting to collect a consumer debt from Plaintiff.

26. The alleged debt at issue was in default at the time Defendant acquired the account.

## V. **Damages**

27. Congress enacted the FDCPA to protect consumers from widespread abuse by sophisticated debt collectors.

28. Plaintiff has suffered actual injuries the FDCPA seeks to prevent, to wit:

a) Plaintiff was misled because of Defendant's violations of the FDCPA; and

b) Plaintiff's financial condition was worsened by Defendant's violations of the FDCPA.

29. Plaintiff has Article III standing to bring these claims against Defendant.

## Count I – Violations of the FDCPA

30. Paragraphs 1 through 29 are incorporated herein by reference.

31. By reason of the foregoing, Defendant violated the FDCPA by seeking to collect amounts from Plaintiff, which it was not authorized to collect in violation of 15 U.S.C. §§ 1692(e) and 1692(f) *et seq*.

32. Defendant's actions were intended to cause Plaintiff harm (or were negligently carried out without regard to their consequence) and succeeded in so doing.

33. Plaintiff is entitled to recover actual damages in an amount to be determined by the trier of fact.

34. Plaintiff is entitled to recover statutory damages in an amount to deter such future conduct by Defendant in an amount to be determined by the trier of fact.

35. Plaintiff is entitled to recover her attorneys' fees and expenses of litigation pursuant to 15 U.S.C. § 1692(k).

## Demand for a Jury Trial

36. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff Kevin Collier prays for the following:

a) Actual and statutory damages in an amount up to $1,000.00;

b) Pre- and post-judgment interest, if applicable;

c) Such other and further relief as the Court may deem just, necessary or appropriate.

Submitted this 28th day of October, 2017.

/s/ E. Talley Gray
E. Talley Gray
Georgia Bar No. 533660

ATTORNEY FOR PLAINTIFF

The Law Offices of E. Talley Gray
3449-E Lawrenceville-Suwanee Road

Suwanee, Georgia 30024
Tel. 678.428.4868
Email. talleygray@gmail.com